1   **RYLEY CARLOCK & APPLEWHITE**
    One North Central Avenue, Suite 1200
2   Phoenix, Arizona 85004-4417
    Telephone: 602/258-7701
3   Telecopier: 602/257-9582

4   John J. Fries – 019672
    jfries@rcalaw.com
5   Zachary L. LaPrade – 024991
    zlaprade@rcalaw.com
6
    Attorneys for New York Community Bank
7
                 IN THE UNITED STATES BANKRUPTCY COURT
8
                      FOR THE DISTRICT OF ARIZONA
9

10  In re                                    Chapter 11 Proceedings

11  CARL RAY TWENTIER & PATRICIA K.           Case No. 2:09-bk-23803-GBN
    TWENTIER,
12
                    Debtor(s).
13

14  NEW YORK COMMUNITY BANK,                  **MOTION FOR RELIEF FROM
                                              AUTOMATIC STAY**
15                  Movant,

16  v.                                        **Subject Property:** 2320 West Holly Street,
                                              Phoenix AZ 85009
17  CARL RAY TWENTIER & PATRICIA K.
    TWENTIER,
18
                    Respondents.
19

20

21       New York Community Bank, doing business as Amtrust Bank ("Bank"), moves for relief

22  from the automatic stay so that Bank may enforce its rights against certain real and personal

23  property located at 2320 West Holly Street, Phoenix AZ 85009, more specifically described in

24  the Loan documents (the "Holly Property").

25

26

27

28

1313696.4

## Brief Introduction

Carl Ray Twentier and Patricia K. Twentier[1] (collectively, "Debtor" or "Twentiers") borrowed $435,000 from the Bank[2] ("Loan"). A Deed of Trust recorded against the Holly Property secures the Loan. Copies of the loan documents evidencing the Loan are attached as Exhibit "A." The Loan first went into default around November 2009. Bank is currently owed $248,380.90 in principal, plus accrued interest of $6,675.23 as of 9/21/2010 (with a per diem of $51.75), and additional amounts for late fees, costs, and attorneys' fees. The Twentiers owe $8,457 in real property taxes on the Holly Property.

## Legal Standard

Under 11 U.S.C. § 362(d)(1), relief from the automatic stay is granted for "cause," including lack of adequate protection of a lender's interest in its collateral. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).

## The Bankruptcies

The Twentiers have failed to create any realizable equity in their bankruptcy estate by retaining possession of the Holly Property. The patterns of the Twentiers in this bankrupty, and the bankruptcies of their companies, prove that the Twentiers continue fail to plan for any type of legitimate reorganization.

In this case, the Twentiers did not timely file monthly reports, and this Court expressed its disappointment that the Twentiers failed to comply with a court order regarding monthly reports. [Minute Entry, dated 6/16/2010, Docket No. 68]. The Twentiers have made no loan payments since May 2010. The Holly Property has been vacant since April 2010. The Holly Property is subject to real property taxes for 2010 in the amount of $8,457 (which will be a senior lien if not paid). Bank has tried to contact the Twentiers to discuss Debtor's intentions, but the Twentiers do not respond.

---

[1] The original co-borrower was Patricia Stevens, but upon information and belief, Patricia Stevens changed her name to Patricia Twentier after she married Carl Twentier.
[2] Bank is the successor in interest to the loans of Desert Hills Bank, the original lender under the Loan.

The Holly Property is the former location of Debtor's company, Products International Company ("PIC"). PIC filed bankruptcy on February 15, 2008 (2-08-bk-01454). The Twentiers owned 2/3 of the shares of PIC, and Mr. Twentier was the president of PIC. PIC was the tenant at the Holly Property. In September 2008, Judge Curley found "cause" to appoint a trustee and oust the Twentiers as the debtors-in-possession of PIC, stating that the Twentiers had (1) engaged in self-dealing transactions; (2) grossly mismanaged PIC; (3) engaged in improper pre-petition transfers in the amount of $820,000; (4) failed to pay employee and corporate taxes; and (5) committed an "egregious violation" of the fiduciary duty owned to PIC. [*Memorandum Decision on Debtor's Motion to Dismiss and Creditor's Request for Appointment of Trustee*, dated 9/2/2008, PIC Docket No. 92]

After the Trustee took control, PIC was making regular rental payments to the Twentiers, the owners of the Holly Property. <u>The Twentiers did not use the rental payments to pay the Loan.</u> On June 30, 2009, pursuant to its Assignment of Rents, Bank demanded rents from the Twentiers and the Trustee. The Trustee was under the impression PIC was making payments directly to Bank. After the Bank's demand, the Trustee began making direct payments to Bank until the Trustee sold PIC around April 2010, at which time PIC vacated the Holly Property.

The Twentiers were also the owners of Maxart Animal Health, Inc. ("Maxart"), which filed bankruptcy on February 1, 2008 (2-08-bk-00993), and Amkim, LLC ("Amkim"), which filed bankruptcy on January 29, 2009 (2-09-bk-01587).

In the Maxart case, Bank obtained stay relief to enforce its security agreement for a different loan secured by 2333 South Power Road, Mesa, Arizona 85208 (the "Power Road Property"). Maxart and Amkim were the borrowers. Maxart failed to file a Chapter 11 plan or disclosure statement, failed to make payments or reject its lease, and failed to pay the amounts owed for Bank's debt. Maxart made no effort to sell the Power Road Property, to reorganize or to repay creditors.

In the Amkim bankruptcy, Amkim permitted Maxart to continue to remain in possession of the Power Road Property without making lease payments (Maxart leased the Power Road Property from Amkim). After Bank obtained stay relief in the Maxart case as to the Power Road

1   Property, Amkim filed bankruptcy on January 29, 2009, the day before the trustee's sale was
2   scheduled for the Power Road Property. Because both Amkim and Maxart were borrowers,
3   Bank was forced to file a separate stay relief motion in the Amkim case and could not hold the
4   sale. In both the Maxart and Amkim cases, an order was entered for dismissal as a result of
5   delinquent monthly operating reports and failure to pay fees. [*Order* dated 7/7/2009, Maxart
6   Docket 134] The cases were reinstated, but the Twentiers' pattern of carelessness is clear.

7   **Conclusion**

8        The Twentiers' actions demonstrate their inability to reorganize; their propensity to create
9   considerable expenses for creditors; their improper accounting of funds; and their failure to file
10  timely monthly reports. The Twentiers have proposed no plan to bring the Loan current. These
11  facts prove that cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1).

12       The Bank has not initiated a trustee's sale of the Holly Property, so at the very least the
13  Twentiers will have an additional 90 days after the stay is lifted to work out a plan with the
14  Bank before a trustee's sale is held for the Holly Property. Accordingly, Bank prays for entry of
15  an order terminating the automatic stay to allow Bank to enforce any and all of its rights in the
16  Holly Property. A proposed form of order is attached as Exhibit "B."

17       Alternatively, Bank requests that this Court enter a modified stay relief order, which will
18  permit Bank to initiate the trustee's sale, but not hold the trustee's sale. This will permit Bank
19  to immediately hold the trustee's sale after the stay is fully lifted, rather than waiting an
20  additional 90 days. A proposed form of order modifying the stay is attached as Exhibit "C."

21       RESPECTFULLY SUBMITTED this 12th day of October, 2010.

22                                    **RYLEY CARLOCK & APPLEWHITE**

23

24                                    By /s/ Zachary L. LaPrade
                                         John J. Fries
25                                       Zachary L. LaPrade
                                         Attorneys for New York Community Bank
26

27

28

ORIGINAL electronically filed this 12th day of October, 2010, with:

U.S. Bankruptcy Court
District of Arizona
230 North First Avenue, Suite 101
Phoenix, Arizona 85003-1706

COPIES mailed this 12th day of October, 2010 to:

Office of the U.S. Trustee
Attn: Patty Chan
U.S. Bankruptcy Court
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

Harold E. Campbell
Ryan Michael Hicks
Cambell & Coombs, P.C.
1811 South Alma School Road, Suite 225
Mesa, Arizona 85210
heciii@haroldcampbell.com
Attorneys for the Debtors

Debtors' List of Creditors Holding
    20 Largest Unsecured Claims Attached as Exhibit "1"

By: /s/ Joyce Gesick

Exhibit 1

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## District of Arizona

In re  **CARL RAY TWENTIER**
**PATRICIA KAY TWENTIER**

Case No.   **2:09-bk-23803**

Chapter   **11**

Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| BofA MasterCard<br>PO Box 17309<br>Baltimore, MD 21297 | BofA MasterCard<br>PO Box 17309<br>Baltimore, MD 21297 | Credit Card | | 41,703.64 |
| BofA Visa<br>PO Box 60069<br>City of Industry, CA 91716 | BofA Visa<br>PO Box 60069<br>City of Industry, CA 91716 | Credit Card | | 14,111.03 |
| BURCH & CRACCHIOLO, P.A.<br>P.O. BOX 16882<br>Phoenix, AZ 85001 | BURCH & CRACCHIOLO, P.A.<br>P.O. BOX 16882<br>Phoenix, AZ 85001 | ATTORNEY FEES | | 22,989.62 |
| Chase<br>PO Box 7035<br>Phoenix, AZ 85062-8035 | Chase<br>PO Box 7035<br>Phoenix, AZ 85062-8035 | HOUSE AND LAND:<br>Location: 3422 E.<br>FOX STREET,<br>Mesa AZ | | 299,517.59<br>(500,000.00 secured)<br>(231,509.40 senior lien) |
| Chase Master Card<br>PO Box 9001074<br>Louisville, KY 40290 | Chase Master Card<br>PO Box 9001074<br>Louisville, KY 40290 | Credit Card | | 7,416.05 |
| Chase Visa<br>PO Box 94014<br>Palatine, IL 60094 | Chase Visa<br>PO Box 94014<br>Palatine, IL 60094 | Credit Card | | 17,045.00 |
| Chase Visa<br>PO Box 94014<br>Palatine, IL 60094 | Chase Visa<br>PO Box 94014<br>Palatine, IL 60094 | Credit Card | | 8,547.07 |
| Chase Visa<br>PO Box 94014<br>Palatine, IL 60094 | Chase Visa<br>PO Box 94014<br>Palatine, IL 60094 | Credit Card | | 23,190.68 |
| Citibank AT&T<br>PO Box 6415<br>The Lakes, NV 88901 | Citibank AT&T<br>PO Box 6415<br>The Lakes, NV 88901 | Credit Card | | 25,081.07 |
| Citibank MasterCard<br>PO Box 6415<br>The Lakes, NV 83901 | Citibank MasterCard<br>PO Box 6415<br>The Lakes, NV 83901 | Credit Card | | 19,071.58 |

In re **CARL RAY TWENTIER**
**PATRICIA KAY TWENTIER** _____

Case No. __2:09-bk-23803__

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| DAVID A. BIRDSELL<br>216 N. Center St.<br>Mesa, AZ 85201 | DAVID A. BIRDSELL<br>216 N. Center St.<br>Mesa, AZ 85201 | POSSIBLE LIABILITY FROM TRUSTEE FOR PRODUCTS INTERNATIONAL COMPNAY | Disputed | Unknown |
| Desert Hills Bank<br>3001 E. Camelback Rd.<br>Phoenix, AZ 85216 | Desert Hills Bank<br>3001 E. Camelback Rd.<br>Phoenix, AZ 85216 | PERSONAL GUARANTEE (SECURED BY THE ASSESTS OF MAXART ANIMAL HEALTH, INC. AND THE REAL ESTATE OF AMKIM, LLC) | | 1,270,440.51 |
| Discover<br>PO Box 30395<br>Salt Lake City, UT 84130 | Discover<br>PO Box 30395<br>Salt Lake City, UT 84130 | Credit Card | | 12,620.26 |
| INTERNAL REVENUE SERVICE<br>P.O. BOX 21126<br>Philadelphia, PA 19114-0326 | INTERNAL REVENUE SERVICE<br>P.O. BOX 21126<br>Philadelphia, PA 19114-0326 | 941 TAXES | | 495,152.00 |
| JOHN MICHAEL FERRING<br>C/O THE PAYNE LAW OFFICE<br>3420 E. SHEA BLVD, STE 164<br>Phoenix, AZ 85028 | JOHN MICHAEL FERRING<br>C/O THE PAYNE LAW OFFICE<br>3420 E. SHEA BLVD, STE 164<br>Phoenix, AZ 85028 | LAWSUIT | Disputed | Unknown |
| SCOTT DARGER<br>C/O First American Title<br>PO Box 52159<br>Phoenix, AZ 85072 | SCOTT DARGER<br>C/O First American Title<br>PO Box 52159<br>Phoenix, AZ 85072 | GUARANTY OF MAXART ANIMAL HEALTH, INC. AND AMKIM, LLC NOTES | | 252,541.00 |
| THOM AND KRISTI MYERS<br>Canyon State Servicing Company<br>PO Box 10378<br>Phoenix, AZ 85064 | THOM AND KRISTI MYERS<br>Canyon State Servicing Company<br>PO Box 10378<br>Phoenix, AZ 85064 | GUARANTY OF MAXART ANIMAL HEALTH, INC. NOTE | | 657,719.26 |
| | | | | |
| | | | | |
| | | | | |

Case 2:09-bk-23803-GBN    Doc 25    Filed 10/21/09    Entered 10/21/09 17:51:24    Desc
Main Document      Page 2 of 36